PEOPLE OF PUERTO RICO, Plaintiff and Appellee *v.* VICENTE VARELA, Defendant and Appellant.

No. 4296. Argued June 4, 1931.—Decided July 31, 1931.

*A. García Ducós* for appellant. *R. A. Gómez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The defendant was accused of voluntary manslaughter. He was tried by a jury and convicted. Among other things, he alleged self-defense. The evidence in regard thereto was contradictory and the jury resolved the conflict.

As we have held in a number of cases, it is not the province of this Court to review the findings of fact of a jury, unless we are convinced that the jury ought to have had a reasonable doubt. We are not so convinced. The evidence of the government tended to show that in November of 1928, the day of the election, a doctor González had some difficulty with Fermín Cortés, and the defendant came to the aid of doctor González and shot Fermín Cortés. The defense attempted to show a pistol in the hands of the deceased, but the verdict is against him.

The appellant makes an argument to the effect that a matter of this kind ought not to be left to the sole appreciation of the jury. We are quite agreed that the laconic expression of the jury may at times sequester an error, but the jury trial in felony cases is ordinarily the final expression of the guilt or innocence of defendant, provided that no error was committed by the judge at the trial.

The court committed no error in refusing to permit the defendant to cross-examine a witness as to the reputation of the deceased as a dangerous man. There was nothing in the direct examination to justify the cross-examination and as held by the court, the evidence sought was a matter of defense. Evidence of this sort was introduced.

The appellant complains of the instructions of the court, but no exception was taken. The rule is that errors in the instructions must be especifically drawn to the attention of the court, so that it may have an opportunity to correct them.

We reserve the right to reverse for fundamental errors, but we find no error at all in the holding of the court that before the reputation of a man as being dangerous forms

part of the issue of self-defense, it must be shown that the defendant knew of the character of the deceased.

We find no error, passion, or prejudice, and the judgment will be affirmed.

The Chief Justice and Mr. Justice Texidor took no part in the decision of this case.